UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| GULF COAST COMMUNITY HOSPITAL, INC. | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:04CV881-LG-RHW |
| EVERETT J. KENNEDY | DEFENDANT |

### FINDINGS OF FACT AND RECOMMENDATION

This matter came before the Court on Plaintiff's Motion [27] to Impose Sanctions. Plaintiff Gulf Coast Community Hospital filed a complaint against Defendant Everett J. Kennedy, M.D., on December 13, 2004 alleging breach of contract and liquidated damages in the amount of $689,532.19.  The Court finds that Defendant has failed to answer discovery, failed to participate in an August 24, 2005 status conference concerning his lack of cooperativeness in the litigation process, failed to participate in a December 8, 2005 settlement conference, and generally has evaded any type of participation in this lawsuit after his attorney was granted leave to withdraw.  Defendant did not file a response to Plaintiff's Motion [24] to Compel, nor has he filed a response to the pending Motion [27] for Sanctions.

On December 8, 2005, the Court entered a Show Cause Order, directing Defendant within 20 days to show cause why a default judgment should not be entered against him.  Defendant was cautioned that failure to respond would result in a default judgment.  A copy of the Show Cause Order was sent certified mail to Defendant's last know address.  A return receipt for the Show Cause Order was filed with the Court on December 19, 2005.  The deadline of December 28, 2005 for responding to the Show Cause Order has passed without response.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's Motion [27] for Sanctions be granted. The undersigned further recommends that a default judgment be entered against Defendant Everett J. Kennedy and damages awarded in the amount of $689,532.19.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court. A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 11th day of January, 2006.

                                                s/ *Robert H. Walker*
                                                UNITED STATES MAGISTRATE JUDGE